CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 05 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL LOVERN GUTHRIE | ) | Criminal No. 7:11-cr-00060 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by Michael Guthrie, a federal inmate proceeding *pro se*, claiming that in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his counsel rendered ineffective assistance in failing to object to his presentence report's determination that he is a career offender under United States Sentencing Guideline § 4B1.1 based on two prior state felony convictions that resulted in respective sentences of only six months' imprisonment. According to Guthrie, to qualify as a predicate conviction, that conviction must have been a felony and must have resulted in a sentence of incarceration that exceeded one year and one month. He correctly claims that a predicate offense must be a felony, and each was. But he incorrectly claims that each must have resulted in a sentence of incarceration that exceeded one year and one month. To the contrary, any felony conviction of a crime of violence or drug offense will suffice as a predicate offense, irrespective of the sentence imposed, so long as the prior sentence that was imposed was within ten years of the date of the defendant's federal offense, as each was here. Accordingly, the court denies Guthrie's motion.

I.

On January 24, 2011, pursuant to a plea agreement, Guthrie pled guilty to attempting on or about March 30, 2011, to manufacture a measurable quantity of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846 and § 841(b)(1)(C), which was

subject to imprisonment for up to twenty years. The presentence report noted that among Guthrie's many convictions were two Virginia convictions that resulted in his classification as a career offender under § 4B1.1 of the United States Sentencing Guidelines. Under that section:

> A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

§ 4B1.1(a). According to the presentence report, Guthrie had two qualifying prior convictions. The first of those convictions was for assault and battery of a law enforcement officer on October 2, 2004 (in violation of Va.Code Ann. § 18.2-57(C), a Class 6 felony subject to imprisonment up to five years). The Circuit Court for the City of Roanoke, Virginia sentenced Guthrie on July 17, 2007, to twelve months in jail with six months suspended. The second of those convictions was for the delivery of marijuana to a prisoner on September 11, 2003, (in violation of Va. Code Ann. § 18.2-474.1, a Class 5 felony subject to imprisonment up to ten years). On January 4, 2007, the Circuit Court of Botetourt County, Virginia sentenced Guthrie to five years' imprisonment with four years and six months suspended.

The presentence report for the conviction and sentence this court imposed noted that Guthrie was a career offender because he was at least eighteen years old at the time he committed his federal offense, that his federal offense was a felony controlled substance offense, and that Guthrie had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Guthrie's total offense level calculated under the career offender guidelines was twenty-nine and, as with all career offenders, his criminal history category was automatically VI, producing a guideline custody range of 151 to 188 months. The court credited Guthrie three months for a discharged term of imprisonment, and sentenced him to 148 months.

## II.

Guthrie claims that the two offenses cited by his presentence report as predicate offenses under the career offender guidelines did not qualify as predicate offenses because he was not sentenced to more than a year and one month on either offense. He claims that this court used a "hypothetical approach," (relying on the sentences he faced on the previous convictions rather than the sentences actually imposed for those convictions) in determining they qualified as predicate offenses, an approach he claims the Court of Appeals rejected in United States v. Simmons. Guthrie misreads and conflates Simmons and the guidelines, and the court denies his motion.

Before the Fourth Circuit's en banc decision in Simmons, United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year" under North Carolina law, a court should consider "the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history," and not the maximum sentence that could be imposed on the actual defendant being sentenced. Harp, 406 F.3d at 246–47 (emphasis in original). In Simmons, a panel decision reaffirmed the continuing vitality of the court's reasoning in Harp. However, the court granted a rehearing en banc and, on August 19, 2011, held that whether a particular offense under North Carolina law was a "felony" must focus on the maximum sentence for which a particular defendant was eligible, in light of *his* criminal history and the nature of his offense, rather than the maximum sentence that could have been imposed on a hypothetical defendant with the worst possible criminal record. Simmons, 649 F.3d at 241–47. But here, there is nothing hypothetical about the sentences Guthrie faced in state court. He actually faced five years' imprisonment for the assault and battery of a law enforcement officer

3

and ten years' imprisonment for delivering marijuana to a prisoner. Consequently, Simmons lends no support to his claim. Clearly, each offense was a felony because it was subject to imprisonment for more than one year.

Essentially, Guthrie also argues that even if they were felonies, they cannot be predicate offenses under the career offender guidelines because he was not sentenced to more than a year and one month on either conviction. His argument is based on his misreading of the career offender guidelines. A "prior felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, *regardless . . . of the actual sentence imposed*." § 4B1.2 cmt. n.1 (emphasis added). But only prior felony convictions (assuming they are for crimes of violence or drug offenses) within specified time frames count as predicate offenses:

> (1) any prior sentence of imprisonment exceeding one year and one month that was imposed within 15 years of the defendant's commencement of the instant offense is counted... (2) any other prior sentence that was imposed within 10 years of the defendant's commencement of the instant offense is counted.

§ 4A1.2(e). Here, Guthrie's federal offense occurred on March 30, 2011, well within ten years of each of the two state convictions (July 17, 2007, and January 4, 2007).[1] Consequently, the court rejects Guthrie's premise that the two state convictions do not count as predicate convictions because the sentence actually imposed for each was less than a year and one month. It follows that Guthrie's effective assistance claim, based as it is on a faulty premise, lacks merit.

---

[1] Guthrie cites United States v. Romary, 246 F.3d 339 (4th Cir. 2001) for the proposition that only sentences of imprisonment exceeding one year and one month can be counted as predicate offenses. Romary, however, is inapposite. The challenged conviction in Romary which resulted in a suspended sentence did not count as a predicate conviction because sentence was imposed more than ten years prior to Romary's offense of conviction in federal court, not because Romary had received a suspended sentence for the challenged conviction. See e.g. Pope v. United States, No. CRIM PJM-03-104, 2007 WL 781819 (D. Md. Mar. 13, 2007).

4

## III.

For the reasons stated, the court denies Guthrie's § 2255 motion.

**ENTER**: September 5, 2012.

_____
UNITED STATES DISTRICT JUDGE