CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 8 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 7:11cr00060 |
| v. | ) | |
| | ) | |
| MICHAEL LOVERN GUTHRIE, | ) | By: Michael F. Urbanski |
| | ) | United States District Judge |
| Petitioner. | ) | |

## MEMORANDUM OPINION

Michael Lovern Guthrie, a federal inmate, has filed a petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. ECF No. 72. The case has been stayed pending the decision of the United States Supreme Court in Beckles v. United States, No. 15-8544. ECF No. 79. The Supreme Court has scheduled oral argument in Beckles for November 28, 2016. Guthrie seeks bond pending the Supreme Court's decision in Beckles, contending that he may overserve his sentence if Beckles is decided in his favor and if he is subsequently resentenced to the low end of the recalculated advisory guidelines sentence. ECF Nos. 77, 78, 84 and 87. The government opposes Guthrie's request for bond. ECF No. 80.

There are several reasons why Guthrie's request for bond must be **DENIED**. First, the standard for release on bond pending habeas review is a high one. "To prevail on a motion for release on bail in a habeas case, the appellant must show that his petition presents a substantial constitutional claim upon which he has a high probability of success, and that extraordinary circumstances warrant his release." United States v. Perkins, 53 Fed. App'x 667, 669 (4th Cir. 2002), citing Aronson v. May, 85 S. Ct. 3 (1964).

1

Second, under existing Fourth Circuit precedent, Guthrie's status as a career offender is not cognizable on collateral review. United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015)(quoting Davis v. United States, 417 U.S. 333, 346 (1974))("[W]e are constrained to decide that sentencing a defendant pursuant to advisory Guidelines based upon a career offender status that is later invalidated does not meet [the] remarkably high bar of 'a fundamental defect which inherently results in a complete miscarriage of justice.'") As with Guthrie, Foote was sentenced under an advisory sentencing guidelines scheme, and the Fourth Circuit was "hesitant to declare that a fundamental defect or complete miscarriage of justice has occurred in a situation in which Appellant was (and on remand, would again be) sentenced under an *advisory* Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Foote, 784 F.3d at 941 (emphasis in original). Whether the holding in Foote will survive the forthcoming decision in Beckles is yet to be seen, but it remains binding precedent in this circuit.[1]

Third, even if it is determined that the definition of a crime of violence in U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague and subject to collateral review under an advisory guidelines system, Guthrie will still be within his recalculated guidelines range by the time Beckles is decided. Should Beckles be decided in Guthrie's favor and an avenue for collateral review opened, his recalculated advisory sentencing guidelines will be 63 to 78 months. Guthrie was sentenced on April 16, 2012. ECF Nos. 46. The Bureau of Prisons

---

[1] The court considered whether the holding in Foote was undermined by the Fourth Circuit's ruling in In re Hubbard, 825 F.3d 225 (4th Cir. 2016), where the court authorized a successive § 2255 petition challenging the sentencing court's career offender guidelines designation. The circumstances facing the Fourth Circuit in Foote and Hubbard bear a critical distinction borne out in the decisions. Hubbard was sentenced before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), during a time when the sentencing guidelines were mandatory. In Foote, the post-Booker advisory nature of the guidelines played a significant role in the court's decision to deny collateral review of a career offender designation under an advisory guidelines scheme.

accorded him 277 days of jail credit, from July 14, 2011 until April 15, 2012. ECF No. 87–1, at 2. Subtracting this 9 months of jail credit from Guthrie's projected recalcaluated advisory guidelines sentence following a favorable decision in Beckles results in a range of 54 to 69 months, the complete term of which Guthrie has yet to serve.[2] While Guthrie argues that he should get the low end of the guidelines if resentenced because he received the low end of the career offender guidelines when he was sentenced in 2012, the court is not bound to impose a guidelines sentence, much less a low end of the guidelines sentence, at resentencing. Rather, the court would be required to resentence Guthrie to a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Finally, Guthrie's lengthy criminal history does not suggest that he is a good candidate for bond. Even without consideration as a career offender, Guthrie has led a life of crime, garnering 15 criminal history points and falling within Criminal History Category VI. Guthrie has convictions for attempted escape from jail, ECF No. 50, ¶ 33, escape from confinement, id. at ¶ 35, assault and battery of a law enforcement officer, id. at ¶ 40, and two failures to appear, id. at ¶¶ 41, 43. In short, he is a terrible candidate for bond.

While the court cannot know what the Supreme Court will do in Beckles, it is clear that Guthrie has not established any extraordinary circumstances warranting his release on bond.

---

[2] As of October 18, 2016, the Bureau of Prisons ("BOP") has calculated that Guthrie has earned 243 days of good time credit, approximately eight months. ECF No. 87–1, at 2. The court is reluctant to factor in good time credit earned by Guthrie, as that credit is solely in the province of the BOP. Even were the court to do so and back an additional eight months out, Guthrie has yet to serve a full recalculated advisory guidelines sentence.

For the reasons set forth above, Guthrie's motion for bond, ECF Nos. 77 and 78, are

**DENIED**. Accordingly, Guthrie's motion for a bond hearing, ECF No. 81, is also

**DENIED**. An appropriate Order will be entered this day.

Entered: 10-28-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

4