CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2021

JULIA C. DUDLEY, CLERK
BY: /s/ A. Slagle
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:11-cr-00060 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| MICHAEL LOVERN GUTHRIE, ) | Chief United States District Judge |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION

This matter comes before the court on defendant Michael Lovern Guthrie's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 100. The government has responded in opposition and Guthrie has replied. ECF Nos. 105, 111, 112. For the reasons stated herein, the court will **GRANT** Guthrie's motion for compassionate release and reduce his sentence to time served.

### I.

On January 24, 2011, Guthrie entered into a plea agreement in which he pled guilty to one charge of attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Plea Agreement, ECF No. 35 at 1. He pled guilty the same day. ECF Nos. 35, 36. Guthrie faced a statutory maximum sentence of 20 years. Presentence Investigation Report (PSR), ECF No. 50 ¶ 94. Under the United States Sentencing Guidelines, he had a base offense level of 24 under U.S.S.G. § 2D1.1 of the guidelines based on his offense involving between 40 and 50 grams of methamphetamine. PSR, ECF No. 50 ¶ 11. However, because he was classified as a career offender, his offense level was increased to 32. He received a 3-point decrease for acceptance of responsibility, making his total offense level 29.

Id. ¶¶ 17-20. With a criminal history category of VI, his guidelines sentence was 151 to 188 months. Id. ¶ 95. On April 17, 2012, he was sentence to a term of 148 months, to be followed by a 4-year term of supervised release. J., ECF No. 48.

Guthrie has served all but approximately two months of his sentence and currently resides in a halfway house with a projected release date of February 11, 2022. He asks that his sentence be reduced to time served pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and (B).

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—-
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Guthrie's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The parties do not contest that Guthrie has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Guthrie has satisfied the statute's exhaustion requirements.

The court must next consider if it should reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

During the COVID-19 pandemic, this court has found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility. According to the Centers for Disease Control and Prevention, studies show that the "COVID-19 vaccines are effective at keeping you from getting COVID-19" and "will also help keep you from getting seriously ill even if you do get COVID-19."[1]

Guthrie was offered and received doses of the Pfizer-BioNTech COVID-19 vaccine on January 1, 2021 and February 10, 2021. Medical Records, ECF No. 107-1. Because he was

---

[1] Ctrs. for Disease Control and Prevention, Key Things to Know About COVID-19 Vaccines, (updated June 25, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html?s_cid=10490:covid%20vaccination:semga:p:RG:GM:gen:PTN:FY21.

3

offered the vaccine and, in fact, has now been fully vaccinated, Guthrie no longer has a particularized susceptibility to severe illness from COVID-19.[2] In addition, Guthrie is no longer incarcerated in a Bureau of Prisons facility. Accordingly, he has not demonstrated that there are "extraordinary and compelling reasons" to warrant a sentence reduction under § 3582(c)(1)(A) based on his susceptibility to COVID-19.

### III.

Guthrie also argues that if he were sentenced today, he would no longer be considered a career offender and his guidelines sentencing range would be greatly reduced. Guthrie makes two arguments in support of his contention: (1) that he is not a career offender because in United States v. Norman, 935 F.3d 232, 236-37 (4th Cir. 2019), an "attempt offense" in violation of 21 U.S.C. § 846 is not a "controlled substance offense" for purposes of the career offender guideline; and (2) that one of his underlying predicate offenses no longer qualifies as a crime of violence under United States v. Carthorne, 726 F.3d 503 (4th Cir. 2013). Because the court agrees with Guthrie's second contention, it does not address the first.[3]

The PSR states that Guthrie was classified as a career offender under U.S.S.G. § 4B1.1 based on two prior felony offenses, one for assault and battery on a law enforcement officer and one for delivery of drugs to a prisoner. PSR, ECF No. 50 at ¶¶ 17, 40. Guthrie was

---

[2] See, e.g., United States v. Williams, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) (denying compassionate release motion from partially vaccinated inmate); United States v. Wakefield, No. 1:19-cr-00095-MR-WCM, 2021 WL 640690, at *2 (W.D.N.C. Feb. 18, 2021) (same); United States v. Beltran, No. 6:16-4(SSSS)-4, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (same).

[3] In addition, Guthrie's first argument, that a conviction for "attempting" to manufacture a controlled substance is not a controlled substance offense, has not been addressed by the Fourth Circuit Court of Appeals and other circuit courts are split on the issue. See discussion, United States v. Barbour, No. 7:10-cr-00069, 2021 WL 4991589, at *2-3 (W.D. Va. Oct. 27, 2021). Guthrie makes his assertion without argument or citation to authority and the government did not discuss it. Given that Guthrie's underlying conviction of assault and battery of a law enforcement officer no longer qualifies as a crime of violence under Carthorne, the court sees no reason to ask the parties for additional briefing.

4

convicted in Roanoke City Circuit Court in Roanoke, Virginia, of assault and battery of a law enforcement officer in 2004. Id., ¶ 40. In Carthorne, the Fourth Circuit determined that under the categorical approach first described in Taylor v. United States, 495 U.S. 575 (2010), the crime of assault and battery of a police officer under Virginia Code § 18.2-57(C) is not a crime of violence under Section 4B1.2(a) of the sentencing guidelines. Carthorne, 726 F.3d at 511, 515. This is because the elements of the statute were predicated on the commission of Virginia common law assault and battery, which proscribes a very broad range of conduct and can be accomplished by the slightest touching or without causing physical injury to another. Id. at 514. Thus, the statute could be violated without presenting a serious potential risk of physical injury, making it broader that the crime of violence definition in U.S.S.G. § 4B1.2(a). Id. at 515.[4] Accordingly, in accordance with Carthorne, the court finds that if Guthrie were sentenced today, he would not qualify as a career offender under the sentencing guidelines based on the predicate offense of assault and battery of a police officer.

In United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit found that a "gross disparity" between a petitioner's sentence at the time of conviction and the sentence that would be imposed under current law can be considered an "extraordinary and compelling reason" for granting compassionate release. Id. at 285–86; see also United States v. Arey, 461 F. Supp. 3d 343, 350 (W.D. Va. 2020); United States v. Trice, No. 7:13-cr-00034, 2021 WL 402462, at *8 (W.D. Va. Feb. 3, 2021) (finding that sentence disparity based on defendant's

---

[4] The government does not address Guthrie's argument that he would not be considered a career offender today based on his prior conviction for assault and battery of a police officer. Rather, it limited its response to addressing whether Guthrie's medical risk factors presented an extraordinary and compelling reason for his release. Resp. in Opp'n, ECF No. 105, at 1 n.1.

5

lack of career offender status if sentenced today was an "extraordinary and compelling reason" to reduce his sentence under the compassionate release statute); United States v. Shaw, No. 5:13-CR-00025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (same).

Moreover, Amendment 798[5] to the sentencing guidelines replaced paragraph (2) of § 4B1.2(a), which provided that a "crime of violence" for purposes of the career offender predicate "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." Section 4B1.2(a)(2) in its current form provides a new list of enumerated offenses which does not include "burglary of a dwelling" and contains no catchall, "residual clause" under which a court could classify a non-enumerated offense as being a "crime of violence." Guthrie's conviction would not be a career offender predicate offense if he were convicted today.

Guthrie argues that without the career offender designation, he likely would have received a sentence of no longer than 77 months. This is because without the career offender designation, Guthrie's base offense level would have been 24 and the 3-point reduction for acceptance of responsibility would have reduced it to 21. His offense level coupled with his criminal history category of VI would have resulted in a guidelines range of 77-96 months. U.S.S.G. Ch. 5 Pt. A.

Guthrie was sentenced to 148 months, or 71 months more than he would have been sentenced to today if he were sentenced at the bottom of the guidelines range. The court finds that the discrepancy between Guthrie's current sentence and the sentence he would be given

---

[5] See United States Sentencing Commission, Guidelines Manual, Appendix C, Amendments to the Guidelines Manual, Amendment 798, available at https://www.ussc.gov/guidelines/amendment/798 (last visited December 13, 2021).

6

if sentenced today is an "extraordinary and compelling" reason to warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See McCoy, 981 F.3d at 285 (finding 200-month disparity between prior 18 U.S.C. § 924(c) sentence and sentence defendant would receive today to be an extraordinary and compelling reason for reducing sentence); United States v. Williams, No. 14-cr-428, 2021 WL 5827327 (E.D. Va. Dec. 8, 2021) (finding sentence more than three years longer than it would have been were defendant convicted today to be an extraordinary and compelling reason for compassionate release); and United States v. Brown, No. 3:15-cr-00017, 3:06-cr-00021, 2021 WL 2389881, at *10 (W.D. Va. June 11, 2021) (finding 74-month difference in sentence defendant would have received if sentenced today to be a "gross disparity" and thus an extraordinary and compelling reason to warrant a sentence reduction).

Having found that extraordinary and compelling reasons exist to warrant a reduction in Guthrie's sentence, the court must consider if a reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a).

Items found when Guthrie was arrested indicate that he previously had cooked methamphetamine and had the ingredients and supplies to cook additional methamphetamine. PSR, ECF No. 50 at ¶¶ 3-6. Manufacturing methamphetamine is a dangerous enterprise, both

7

because of the inherently dangerous nature of drug abuse and the potential for environmental contamination. Thus, the history and characteristics of the offense weigh against reducing Guthrie's sentence. In addition, prior to the arrest on his current conviction, Guthrie had a long criminal history, starting when he was 16 years old and continuing until he was arrested on the current offense when he was 38. He has multiple convictions for larceny, assault and battery, escape, destroying property, and driving under the influence. Id., ¶¶ 21-77. His criminal history also weighs against reducing his sentence.

Regarding the need for the sentence to reflect the seriousness of the offense, as discussed above, Guthrie's sentence is almost six years longer than the sentence he would receive if he were sentenced today, indicating that reducing his sentence to time served would adequately reflect the seriousness of his offense. Also, given that Guthrie has served all but approximately two months of his sentence, reducing his sentence to time served would not undermine the sentencing goals of promoting respect for the law, providing just punishment for the offense; affording adequate deterrence to criminal conduct; or protecting the public from further crimes of the defendant. Finally, regarding the need to provide the defendant with education or vocational training, medical care, or other correctional treatment in the most effective manner, the court finds that this factor weighs in favor of reducing Guthrie's sentence to time served. Guthrie has been in a halfway house since September 2021 and has a release plan that includes living with his brother and sister-in-law. In addition, he has arranged for employment upon his release. The court finds that on balance, the § 3553 (a) factors weigh in favor of reducing Guthrie's sentence to time served.

## IV.

For the above-stated reasons, the court will **GRANT** Guthrie's motion for compassionate release, ECF No. 100, and reduce his sentence to time served. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: 12/17/2021

Michael F. Urbanski
Chief United States District Judge