# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 7:11CR00060 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MICHAEL LOVERN GUTHRIE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has sought review by this court pursuant to 18 U.S.C. § 3145(b) of a detention order by the magistrate judge. For the reasons set forth hereafter, the motion for reconsideration of detention will be denied.

The defendant is charged with violating certain conditions of his supervised release. A supervised release revocation hearing is scheduled for November 30, 2022. On August 16, 2022, the magistrate judge held a hearing on the request for the defendant's detention pending that revocation hearing, but the defendant withdrew his opposition to detention after evidence had been presented, and the magistrate judge, by order entered that day, directed that the defendant be detained. Order, ECF No. 136. Thereafter, the defendant requested reconsideration of

detention by the magistrate judge. The parties agreed that the request could be decided based on the evidence presented at the hearing of August 16. The magistrate judge thereafter entered an order on September 28, 2022, again ordering the defendant detained. Order, ECF No. 143.

This court on review of a detention order must make a de novo determination. *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989). An evidentiary hearing is not required, and the court may consider evidence presented before the magistrate judge. *United States v. Williams*, 753 F.2d 329, 334 (4th Cir. 1985). In this case I have considered the evidence presented before the magistrate judge at the hearing held on August 16, 2022, along with the other relevant matters of record, including a memorandum in support of the release of the defendant filed by counsel on October 13, 2022.

The magistrate judge found that there was probable cause to believe that the defendant had violated conditions of his supervision as alleged. Order, ECF No. 131. In order to be released pending the revocation hearing, the defendant thus has the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6).

As found by the magistrate judge, the defendant was arrested by state authorities for possession of methamphetamine and fentanyl, which possession he admitted to the arresting officer. He was then mistakenly released from state custody

but failed to return after being advised of the mistake. The Marshal Service attempted to locate him and it was some days later before he turned himself in.

On the defendant's behalf, it is argued that he will seek substance abuse treatment if released.

I find that the magistrate judge's ruling was correct and that the defendant has not met his burden of proof. Accordingly, the Motion for Reconsideration for Bond by the District Court, ECF No. 144, is DENIED.

It is so **ORDERED**.

ENTER: October 17, 2022

/s/ JAMES P. JONES
Senior United States District Judge